35 F.3d 557
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Glen Wesley COMPTON, Defendant-Appellant.
 No. 92-5850.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 9, 1994.
Decided Sept. 14, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, District Judge. (CR-91-180-R)
 Richard Lee Lawrence, Sam Garrison, Lawrence, Garrison & Nichols, Roanoke, VA, for appellant.
 E. Montgomery Tucker, U.S. Atty., E. Ann Hill, Asst. U.S. Atty., Roanoke, VA, for appellee.
 W.D.Va.
 VACATED AND REMANDED.
 Before NIEMEYER and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Glen Wesley Compton appeals his conviction for failure to register a machine gun, in violation of 28 U.S.C. Sec. 5861 (1988). We vacate the conviction and remand.
 
 
 2
 Compton was charged with violations of 28 U.S.C.Sec. 5861(d) and 18 U.S.C. Sec. 922(o) (1988). He was convicted of the Sec. 5861 count and acquitted of the Sec. 922 count. He raises three grounds for appeal. The facts underlying the appeal are not disputed.
 
 
 3
 First, Compton complains that the district court erred in refusing to instruct the jury that knowledge of the machine gun nature of the firearm involved was an element of the Sec. 5861 offense. The district court relied on this Court's decision in United States v. Schilling, 826 F.2d 1365 (4th Cir.1987), cert. denied, 484 U.S. 1043 (1988). We held there that such knowledge was not an element of the offense. The Supreme Court has recently held to the contrary in Staples v. United States, 62 U.S.L.W. 4379, 4384-85 (U.S.1994). Thus, the district court erred in refusing to instruct the jury as requested by Compton. We, therefore, vacate the conviction and remand.
 
 
 4
 Second, Compton contends that conviction under Sec. 5861 violates due process because of the enactment of Sec. 922(o). We have held to the contrary. United States v. Jones, 976 F.2d 176, 182-83 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3722 (U.S.1993), and adhere, as we must, to that decision.
 
 
 5
 Third, Compton contends that his acquittal on theSec. 922 count mandates reversal of his Sec. 5861 conviction. We disagree. Inconsistent verdicts do not form a basis for reversal of the count of conviction. United States v. Powell, 469 U.S. 57, 64-66 (1984). Thus, Compton's third ground is without merit.
 
 
 6
 We vacate Compton's conviction and remand. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED